IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SiO2 FABRICATING, LLC., | § | CASE NO. 24-40215-elm |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

## UNOPPOSED MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING EQUIPMENT

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, FORT WORTH, TEXAS 76102-3643 BEFORE CLOSE OF BUSINESS ON MARCH 21, 2024, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO SHOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES LEAF Capital Funding, LLC (hereinafter "LEAF" or "Movant"), a secured creditor in the above-numbered and styled bankruptcy case, and files this its Unopposed Motion for Relief from Automatic Stay Regarding Equipment, and in support thereof would respectfully show the Court the following:

**I.**
**Jurisdiction**

1.      This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

**II.**
**Relevant Facts**

3.      SiO2 Fabricating, LLC (the "Debtor") initiated the current Chapter 7 bankruptcy petition in the Fort Worth Division of the Northern District of Texas on January 22, 2024 (the "Petition Date").

4.      Prior to the Petition Date, Debtor signed and executed a Total Output Management Agreement, agreement number 100-7894971-1 (the "Agreement") on February 23, 2023, with Zeno Digital Solutions, LLC ("Zeno").  Pursuant to the terms of Agreement, Zeno advanced funds for the following equipment (the "Equipment"):

| QUANTITY | EQUIPMENT DESCRIPTION | VIN / SERIAL # |
|----------|----------------------|----------------|
| 1 | Ricoh PRO T7210 UV Flatbed | R860X100001 |

A true and correct copy of Agreement, is attached hereto and incorporated herein as Exhibit "A" along with all schedules and addendums thereto.

5.      Pursuant to the terms of the Agreement, Debtor initially agreed to pay a minimum payment of $4,099.06 for the term of seventy-two (72) consecutive months until the Agreement was paid in full.  On February 28, 2023, Zeno sent Debtor a notice that the original contract payment would increase to $4,569.00 because of an increase in the upfront tax.  A true and correct copy of that correspondence is attached to Exhibit "A."

6.      Under the Agreement, Debtor granted to Zeno a security interest in the Equipment to secure the performance of all absolute and contingent obligations and liabilities of Debtor under the Agreement.

7.      On February 28, 2023, Zeno assigned the Agreement to LEAF Capital Funding, LLC.  A true and correct copy of the Assignment Agreement is attached hereto as Exhibit "B."

8.      LEAF's name is noted as lien holder on the Equipment. A true and correct copy of the UCC-1 Filing Statement, file # 00230008568597, is attached hereto and incorporated by reference herein as Exhibit "C."

9.      Debtor is past due for four payments, with the last payment under the Agreement being made prior to September 25, 2023, and no payments have been made thereafter.

10.      The Equipment has a fair market value of approximately $50,000.00, depending on the condition and maintenance upkeep performed on the Equipment by Debtor.

11.      Debtor failed to make payments as they became due, leaving a present balance on the Agreement of $288,952.16, when reduced for present value, plus interest, fees, and expenses. A true and correct copy of the Statement of Account pertaining to Debtor's account with LEAF is attached hereto as Exhibit "D."

### III.
### Relief from Stay

12.      By reason of the foregoing, LEAF requests the Court lift the automatic stay as it pertains to the Equipment or, alternatively, condition the automatic stay by requiring Debtor to tender adequate protection payments sufficient to offset depreciation of the Equipment.  A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined

in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

13. Cause exists to modify and condition the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Equipment because: (1) the Equipment continues to depreciate in value; (2) the obligation to store and maintain the Equipment is a burden on the Debtor's estate and the Chapter 7 Trustee is unopposed to LEAF's request for relief; and (3) the Debtor has filed a Chapter 7 bankruptcy and is not reorganizing.

14. Further, stay relief is appropriate pursuant to 11 U.S.C. §362(d)(2) of the Bankruptcy Code because Debtor has no equity in LEAF's Equipment, and Debtor is not intending to reorganize under Chapter 7 but is instead liquidating its assets and ceasing operation. *See* 11 U.S.C. § 362(d)(2).

15. LEAF further requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and LEAF be permitted to immediately enforce and implement the order lifting, conditioning and/or modifying the automatic stay.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, LEAF requests that the Court enter an order granting LEAF's request to lift the Automatic Stay as to the Equipment, grant relief from the Automatic Stay to permit LEAF to foreclose its security interest in the Equipment as prayed for in this motion, and grant to LEAF such other and further relief to which it may be justly entitled.

**Respectfully Submitted,**

**PADFIELD & STOUT, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for LEAF Capital Funding, LLC*

## CERTIFICATE OF CONFERENCE

I certify that prior to the filing of this Motion, I have emailed the Chapter 7 Trustee, Shawn Brown, with regard to the merits of this Motion.   Mr. Brown is **not opposed** to the relief requested in this Motion.

/s/ Christopher V. Arisco
Christopher V. Arisco

## <u>CERTIFICATE OF SERVICE</u>

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Thursday, March 7, 2024; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **SiO2 Fabricating, LLC**<br>7929 Whispering Woods Ln.<br>North Richland Hills, Texas 76182<br><br>*Debtor* | **Warren V. Norred**<br>Norred Law PLLC<br>515 E. Border Street<br>Arlington, Texas 76010<br><br>*Attorney for Debtor* |
|---|---|
| **Shawn K. Brown**<br>P.O. Box 93749<br>Southlake, Texas 76092<br><br>*Chapter 7 Trustee* | **United States Trustee**<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75202 |
| **All those receiving ECF notification for this case** | |

/s/ *Christopher V. Arisco*
Christopher V. Arisco